UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARYROSE WOLFE and
CASSIE KLEIN, individually and
on behalf of all others similarly situated,

    Plaintiffs,

v.                                       Case No. 16-cv-139

SL MANAGEMENT SERVICES LLC,
d/b/a SAPPHIRES GENTLEMAN'S CLUB,
THE EGGERT GROUP LLC,
d/b/a SAPPHIRES GENTLEMAN'S CLUB,
NORTHSHORE PROCESSING LLC,
d/b/a SAPPHIRES GENTLEMAN'S CLUB,
DAVID K. EGGERT, and
KEVIN D. EGGERT,

    Defendants.

## ORDER DENYING MOTION TO DISMISS AMENDED COMPLAINT
## AND DENYING MOTION TO STAY

This matter comes before the Court on the Defendants' motion to dismiss the amended complaint and the Defendants' motion to stay proceedings pending the Court's resolution of the motion to dismiss. ECF Nos. 24 & 25. For the reasons below, both motions will be denied.[1]

According to the amended complaint, Plaintiffs were exotic dancers at an establishment operated by the Defendants called Sapphires Gentleman's Club. Plaintiffs claim they were deemed

---

[1] The Court acknowledges the Defendants' have not yet filed replies in support of their motions, but the Court believes the filings to date are sufficient to decide the issues raised, and the Court notes that Plaintiffs' opposition to the request for a stay is well-founded given the prejudice the putative collective action members suffer as a result of any undue delay. Pl.'s Br. at 4–5, ECF No. 32 (explaining that statute of limitations on these members' claims runs until opt-in is filed).

"independent contractors" at Sapphires and not paid any wages at all. They claim Sapphires retained "the absolute to control and direct the work of" Plaintiffs and the putative class members, who are current and former exotic dancers at Sapphires. Plaintiff alleges dancers are paid by Sapphires customers on a per-dance basis and in tips. Dancers are required to charge $20.00 for "lap dances" and $250.00 for "VIP Room" dances, of which $5.00 and $50.00, respectively, are "house fees" dancers must then pay Sapphires. Plaintiffs also allege dancers are subject to a strict code of conduct and are fined for violations of the code for such things as failing to be ready to dance at specified times, leaving receipts on the floors, using vulgar language, using the dressing room to take a break, chewing gum, and failing to keep the dressing room clean. As a result of the foregoing allegedly illegal pay and deduction policies, Plaintiffs assert claims for unpaid minimum wages and overtime compensation under the Fair Labor Standards Act and Wisconsin wage and hours laws, and for illegal deductions under Wis. Stat. § 103.455.

Defendants move to dismiss the amended complaint under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, arguing the Court lacks subject matter jurisdiction of the FLSA claims and that Plaintiffs failed to exhaust administrative remedies with respect to their illegal deductions claims. With respect to jurisdiction, however, Defendants conflate coverage under the FLSA (an issue going to the merits of FLSA claims) with subject-matter jurisdiction. The FLSA is a federal statute providing a federal cause of action, so the Court has subject-matter jurisdiction under 28 U.S.C. § 1331. *See, e.g.*, *Rivera v. Heights Landscaping, Inc.*, No. 03 C 6428, 2004 WL 434214, at *1 (N.D. Ill March 5, 2004). Moreover, the Defendants' arguments that there is no coverage under the FLSA—either "individual coverage" by virtue of employees who are "engaged in commerce" (i.e. *interstate* commerce), or "enterprise coverage" under 28 U.S.C. § 203(r)(1),

2

(s)(1)(A)—are without merit, at least for pleading purposes. Plaintiffs' amended complaint alleges facts from which it is plausible to conclude that either form of coverage exists (e.g. that dancers are required to dance to music streamed over the Internet, and that the defendants' combined gross volume of business is not less than $500,000 and that the various defendants perform related activities the common purpose of which is to run the Sapphire club). To the extent discovery shows otherwise, Defendants can raise the issue in a motion for summary judgment.

With respect to the argument that Plaintiffs failed to administratively exhaust the illegal deductions claim, Plaintiffs allege they had no opportunity to contest the deductions. Am. Compl. ¶ 77, ECF No. 21. The administrative exhaustion requirement under Wis. Stat. § 103.455 applies to employer-employee disagreement about whether there are grounds for deductions in the first place—"[t]he requirement . . . does not apply if the employer has never given the employe an opportunity to contest the validity of the deductions in the first place." *Erdman v. Jovoco, Inc.*, 181 Wis. 2d 736, 766, 512 N.W.2d 487 (1994) (citing *Peters v. Int'l Harvester Co.*, 248 Wis. 451, 455, 22 N.W.2d 518 (1946)). Accordingly, Defendants' failure-to-exhaust argument is without merit.

Lastly, Defendants also argue Plaintiffs have failed to state claims upon which relief may be granted under the FLSA and under Wis. Stat. § 103.455 because the amended complaint does not "provide any factual detail regarding hours worked, the monies earned and purported amount of money that is due" nor "identify any actual deductions that occurred to the Plaintiffs at any level." *See* Defs.' Br. at 4 & 12, ECF No. 26. The arguments are not developed, however, and are merely accompanied by long block quotes from one district court case, *Hughes v. Scarlett's G.P., Inc.*, No. 15-cv-5546, 2016 WL 454348, at *4 (N.D. Ill. Feb. 5, 2016), and from the amended complaint. *See id.* at 3–6, 12. In any event, the details Defendants claim are missing from the amended complaint

3

are not required to state claims under the laws at issue. Plaintiffs allege that under Sapphires' policies, they were paid *no wages*, whether minimum wages or overtime, and they were fined without written authorization for specific infractions. Assuming the facts pled are true (including that dancers are in fact "employees" and not "independent contractors" and thus entitled to a minimum wage and overtime), it is plausible that the laws at issue were violated. That is all that is required of notice pleading. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008) (noting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) did not replace notice pleading standard); *Nicholson v. Uti Wolrdwide, Inc.*, No. 3:09-cv-722-JPG-DGW, 2010 WL 551551 (S.D. Ill. Feb. 12, 2010) (detailed pleading generally not required for FLSA claims); *see also Labriola v. Clinton Entertainment Management, LLC*, No. 2016 WL 1106862, at *4 n.1 (N.D. Ill. March 22, 2016) (noting the dismissal to re-plead in *Hughes* but nonetheless concluding that exotic-dancer plaintiffs who alleged they received no wages had sufficiently stated claims under the FLSA).

Accordingly, Defendants' motion to dismiss the amended complaint is **DENIED** and Defendants' motion to stay further proceedings pending resolution of the motion to dismiss is **DENIED AS MOOT**.

Dated this   4th   day of May, 2016.

> s/ William C. Griesbach
> William C. Griesbach, Chief Judge
> United States District Court